UNITED STATES DISTRICT COURT *IN CLERKS OFFICE*

DISTRICT OF MASSACHUSETTS *2013 APR -4 P 4: 46*

*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

PAUL M JONES

Plaintiff

Civil Action No.

V.

ENHANCED RECOVERY COMPANY, LLC

ALLIANCE ONE RECEIVABLES MANAGEMENT, INC.

SKY RECOVERY SERVICES, LTD

REDLINE RECOVERY SERVICES, LLC

Defendants

## COMPLAINT

### Parties

1. The Plaintiff is a resident of Stoughton, County of Norfolk, Massachusetts and a citizen of the United States.

2. Enhanced Recovery Company, LLC (hereafter ERC) is a Debt Collector with a usually place of business of 8014 Bayberry Road, Jacksonville Florida and is registered to collect debts in Massachusetts.

3. Alliance One Receivables Management, Inc (hereafter ALLIANCE) is a Debt Collector with a usually place of business of 4850 Street Road, Suite 300, Trevose, PA, and is registered to collect debts in Massachusetts.

4. Sky Recovery (hereafter SKY) is a debt collector with a usually address of 12000 Westheimer #300 Houston, Texas, but they are not registered to collect debts in Massachusetts.

5.   Redline Recovery (hereafter REDLINE) is a debt collector with a usual address of 5959 Corporate Drive, Suite 1400 Houston, TX but they are not registered to collect debts in Massachusetts.

## Jurisdiction

6.   This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

## Facts

7.   All conditions precedent to the bringing of this action has been performed.

8.   This Complaint is over $75,000.

9.   Plaintiff, individually, hereby sues Defendants ERC, ALLIANCE, SKY and REDLINE for violations of the Telephone Consumer Protection Act (hereafter TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii), Fair Debt Collection Practices Act (hereafter FDCPA)15 U.S.C. § 1692c(a)(l),Massachusetts Unfair and Deceptive Trade Practices Act. (hereafter MGL 93a) and the Massachusetts Debt Collection Practices Act. (hereafter MDCPA)

10.   This is an action for damages and injunctive relief brought by Plaintiff against Defendants ERC, ALLIANCE, SKY and REDLINE for violations of the Telephone Consumer Protection Act (hereafter TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii), Fair Debt Collection Practices Act (hereafter FDCPA)15 U.S.C. § 1692c(a)(l), Massachusetts Unfair and Deceptive Trade Practices Act. (hereafter MGL 93a.) and Massachusetts Debt Collection Practices Act. (hereafter MDCPA).

11.   Plaintiff's telephone number somehow got on Defendants ERC, ALLIANCE and REDLINE'S Automatic Dialer call log, and Plaintiff was called over 100 times and the called party (Plaintiff) was charged for the call.

12. Defendants ERC, ALLIANCE, SKY and REDLINE were attempting to collect an alleged but nonexistent debt.

13. Defendant ERC received an account from Comcast and called Plaintiff even after Plaintiff sent a several request in writing through the United State Postal Service and emails to their representative Ginny L. Rodriguez.

14. Defendant ERC violated the Massachusetts Debt Collection Practices Act (hereafter MDCPA) which is one of the most powerful Consumer Acts in the U.S.A by not Validating the debt according to Massachusetts Law which is: (a) All documents, including electronic records or images, which bear the signature of the debtor and which concern the debt being collected;(b) A ledger, account card, account statement copy, or similar record, whether paper or electronic, which reflects the date and amount of payments, credits, balances, and charges concerning the debt, including but not limited to interest, fees, charges or expenses incidental to the principal obligation which the creditor is expressly authorized to collect by the agreement creating the debt or permitted to collect by law;(c) The name and address of the original creditor, if different from the collecting creditor; and (d) A copy of any judgment against the debtor. Pursuant to this section, the creditor must provide those materials described in subsection (2) (a) through (d) which are in the possession, custody or control of the creditor. If the creditor does not possess, have custody of, or control the materials described in subsections (2) (a) through (d), the creditor shall cease collection of the debt until the creditor has made reasonable efforts to obtain the necessary information and provide this information to the debtor.

15.  Defendant Sky called Plaintiff on April 18, 2011 and Plaintiff informed SKY the debt has
     been paid and not to call Plaintiffs telephone number anymore they assured Plaintiff that
     they would not call back.

16.  Defendant SKY called Plaintiff telephone numbers 800-280-1488, 781-344, 3456 and 888-
     655-3004 which the called party was charged for the called 5 times regarding a nonexistent
     debt.

17.  Defendant Sky called Plaintiff telephone number for which the called party is charged for
     the call on:

     **April 18, 2011, 2:49 pm called 800-280-1488 from 281-582-6570**

     **May 3, 2011, 10:07 am called 7813443456 from 281-582-6570**

     **May 3, 2011, 10:11 am called 800-280-1488 from 281-582-6570**

     **February 25, 2013, 01:14 pm called 888-655-3004 from 281-582-6570**

     **March 3, 2013, 01:14 pm called 888-655-3004 from 281-582-6570**

18.  Defendant SKY called Plaintiff back on May 3, 2011on his home phone asking Plaintiff for
     proof the bill was paid, at that time Plaintiff informed Sky that it was not his duty to prove
     that the bill had in fact been paid, Plaintiff then informed Defendant Sky to call their client
     to verify that the alleged debt had been paid.

19.  Shortly after Defendant SKY called Plaintiff back on his business phone in violation of the
     Massachusetts Unfair and Deceptive Trade Practices Act (hereafter MGL 93a) and the
     Massachusetts Debt Collection Practices Act (hereafter MDCPA), the Federal Debt
     Collection Practices Act (hereafter FDCPA) and the Telephone Consumer Practices Act.
     (hereafter TCPA) Defendant Sky is not registered to collect debts in Massachusetts.

20. Plaintiff has certified return receipt number **7011 0110 0001 3637 4700**, that was signed by Defendant ERC'S employee Lashawnda Lewis.

21. Plaintiff also sent Defendant ERC a debt validation letter and the 1st MGL 93a Demand letter on August 17, 2012 and A Notice of Pending Law Suit on December 21, 2012 a letter on January 22, 2013 and another MGL 93a Demand letter on or about March 27, 2013.

22. Defendant ERC has never validated the debt but still calls Plaintiff some times on a daily bases which is a violation of the FDCPA, TCPA, MGL 93a and the Massachusetts Fair Debt Collection Practices Act. (MDCPA).

23. Defendant ERC'S employee Ginny L. Rodriguez email Plaintiff in January11, 2013 and said that she can research further and work to provide additional feedback to Plaintiff in efforts to find resolution.

24. Defendant ERC'S employee Ginny L. Rodriguez asked Plaintiff for the telephone number that was called and that Plaintiff was charged for the call, Plaintiff provided all numbers to Defendant ERC'S employee Ginny L. Rodriguez soon after she refused to respond to Plaintiffs emails, phone calls and mail after receiving the Plaintiffs number that were been called by Defendant ERC.

25. Defendant ERC called Plaintiff telephone number **305-748-4151** which the called party was charged for the called over 29 times regarding a nonexistent debt.

26. Defendant ERC called Plaintiff telephone number for which the called party is charged for the call on at least:

    **July 23rd, 24th, 25$^{th, 27th}$   2012 from 800-893-3081**

    **August 2nd, 6th, 10th, 18th, 19th, 21st 25th 2012 from 800-893-3081 and 800-493-0958**

    **September 18th, 19th 21st, 25th 2012 from 800-493-0958**

**October 2nd, 3rd, 5th 12th, 15th 25th 26th 2012 from 800-893-3081and 800-493-0958**

27.  Plaintiff has attempted to save judicial resources but communicating with Defendant ERC, ALLIANCE ONE, SKY and REDLINE but all have refused to speak with Plaintiff or respond to Plaintiffs mail to find resolution.

28.  Defendant Alliance never answered Plaintiffs 2 letters that were sent through the United States Postal Service as of April 2, 2012

29.  Defendant ALLIANCE called Plaintiff telephone number which the called party was charged for the called 31 times regarding a nonexistent debt.

30.  Plaintiff telephone number 561-283-1001 somehow got on Defendant ALLIANCE automatic call log and Plaintiff was called repeatedly, even after Plaintiff sent Alliance several request to be removed from the call log.

31.  Defendant assured Plaintiff that his number would be removed from call log be it was never done.

32.  Defendant Alliance called Plaintiff telephone number for which the called party is charged for the call on at least:

    **January 4, 2013 called from 877-541-8420**

    **December 4th, 14t, 20th, 22nd 31st 2012 called from 877-541-8420**

    **November 1st 5th 2012 called from 877-541-8420**

    **October 2nd, 5th, 24th, 30th 2012 called from 877-541-8420**

    **January 19th, 24t, 25th, 2012 called from 877-541-8420**

33.  ERC and SKY is in violation of willfully and knowing violating the TCPA, MGL 93a, and the MDCPA each call thereafter if $1500 per call.

34. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendants ERC, ALLIANCE, SKY and REDLINE.  Plaintiff intends to propound discovery identifying every call to Plaintiffs numbers for which he was charged for the call.

35. Plaintiff contends that the Collection Company Defendant ERC, ALLIANCE, SKY and REDLINE have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

36. Defendant REDLINE called Plaintiff telephone number for which the called party is charged for the call on at least:

   **December 12, 2011 at 5:50 pm from 888-542-6792**

   **December 12, 2011 at 7:24 pm from 888-542-6792**

   **December 13, 2011 at 4:40 pm from 888-542-6792**

   **December 27, 2011 at 7:50 pm from 888-542-6792**

37. Defendant ERC, ALLIANCE and REDLINE violated the TCPA by leaving recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs telephone number for which the called party is charged for the call.

38. Defendant ERC, ALLIANCE, SKY and REDLINE violated the TCPA by calling Plaintiff's telephone number which the called party is charged for the call over 100 times with no prior permission given by Plaintiff.

39. Plaintiff sent Defendants ERC, ALLIANCE, SKY and REDLINE letters and Defendants ERC, ALLIANCE, SKY and REDLINE has not responded.

40. Defendants ERC, ALLIANCE, SKY and REDLINE has violated MDCPA by  Failing to send the debtor the following notice in writing within 30 days after the first communication to a debtor at his place of employment regarding any debt, provided that a copy of the

notice shall be sent every six months thereafter so long as collection activity by the creditor on the debt continues and the debtor has not made a written request as described in 940 CMR 7.04(1)(h): **NOTICE OF IMPORTANT RIGHTS :YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.**

## COUNT I

### VIOLATIONS OF THE TELEPHONE
### COMMUNICATIONS ACT47 U.S.C. §227
### BY DEFENDANTS ERC, ALLIANCE, SKY AND REDLINE

41. Plaintiff alleges and incorporates the information in paragraphs 1 through 31.

42. Defendant ERC, Alliance, Sky and Redline has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b) (1) (A) by using an automatic telephone dialing system to call the Plaintiff's numbers for which the called party is charged for the call.

43. Defendant ERC, ALLIANCE, SKY and REDLINE has committed at least 80 separate violations of 47 U.S.C. §227(b) (1) (A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b) (3) (B).

44. Defendant ERC, ALLIANCE, SKY and REDLINE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b) (1) (A) the last 80 calls are subject to treble

damages pursuant to 47 U.S.C. §227(b) (3) as they were intentional. Plaintiff stated verbally or sent a request to Defendants ERC, ALLIANCE, SKY and REDLINE requesting the phone calls to stop Defendants ERC, ALLIANCE, and REDLINE called approximately 80 more times.

45.   Since then Defendant Enhanced continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

46.   Defendant ERC, ALLIANCE, SKY and REDLINE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b) (1) (A) by calling the Plaintiff's number, which the called party is charged for the call.

47.   The Plaintiff has never given Defendant ERC, ALLIANCE, and SKY and REDLINES permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Defendant Enhanced do not have an established business relationship within the meaning of 47 U.S.C. §227.

48.   Defendant ERC, ALLIANCE, SKY and REDLINE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff 80 times after receiving Plaintiffs letter requesting that the phone calls stop with total disregard and in violation of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant ERC,

ALLIANCE, SKY and REDLINE for Actual and or Statutory damages, Treble, Punitive

damages, and attorney's fees and costs.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA),
## 15 U.S.C. §1692 BY DEFENDANTS ERC, SKY AND ALLIANCE

49. Plaintiff alleges and incorporates the information in paragraphs 1 through 39.

50. Defendant ERC or ALLIANCE placed no less than 25 telephone **calls to** the Plaintiffs telephone n u m b e r after receipt of Plaintiffs letter to cease and desist. Defendant ERC and ALLIANCE knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15 U.S.C. *§ 1692c*(a)(l). Defendant demands $1000 per each cause of action.

51. Defendant Enhanced Recovery Company, LLC placed no less than 25 telephone calls to the Plaintiffs telephone after receiving written notice from the Plaintiff to cease communications. Pursuant to 15 U.S.C. *§* 1692c(c), if such notice from the consumer is made by mail, notification shall be complete upon receipt. This clearly demonstrates willful violation of U.S.C. *§* 1692c. Defendant demands $1000.

52. Defendant ALLIANCE placed no less than 20 telephone calls to the Plaintiffs telephone after receiving written notice from the Plaintiff to cease communications. Pursuant to 15 U.S.C. *§* 1692c(c), if such notice from the consumer is made by mail, notification shall be complete upon receipt. This clearly demonstrates willful violation of U.S.C. *§* 1692c. Defendant demands $1000.

53. Defendants ERC, SKY and ALLIANCE violated §1692e (10) by calling Plaintiff phone over 57 separate times (combined); Plaintiff is entitled to 57 separate causes of actions under the Federal Debt Collections Practices Act. (FDCPA)

54. Defendants ERC, SKY and ALLIANCE violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

55. Defendant's ERC, SKY and ALLIANCE violated §1692e (5) by threatening to take any

action that could not legally be taken or that was not intended to be taken Plaintiff demands judgment in the amount of $1000.

56. Defendant Sky placed no less than 4 telephone **calls to** the Plaintiffs telephone n u m b e r after receipt of Plaintiffs letter to cease and desist. Defendant S K Y knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15 U.S.C. *§ 1692c*(a)(l). Defendant demands $1000 per each cause of action

57. Defendant's SKY, ERC and ALLIANCE violated §1692e(11) by failing to warn that it was a debt collector Plaintiff demands judgment in the amount of $1000 for each violation.

   **WHEREFORE,** Plaintiff demands judgment for damages against Defendant SKY, ERC and ALLIANC for actual or statutory damages, and punitive damages, attorney's fees and costs.

## COUNT III
## VIOLATIONS OF
## MGL c. 93A, BY DEFENDANTS ERC, ALLIANCE, SKY AND REDLINE

58. Plaintiff alleges and incorporates the information in paragraphs 1 through 46.

59. Defendants SKY, ERC, ALLIANCE and REDLINE violated the MGL 93a by virtue of violating the FDCPA and the MDCPA.

60. Defendants ERC, ALLIANCE, SKY and REDLINE violated M.G.L. c. 93A by virtue of violating the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b) (1), 47 USC § 227(a).

61. Defendant's ERC, ALLIANCE, SKY and REDLINE violated the Massachusetts MGL 93a. By causing Plaintiff to suffer pain and mental stress by calling his Telephone for which he was charged for the call over 80 times combined.

62.  Defendant's ERC, ALLIANCE, SKY and REDLINE  violated the 93a Unfair and Deceptive Trade Practices Act by harassing Plaintiff by making his phone ring over 80 times and he had to stop whatever he was doing to answer it or see who was calling Plaintiff demands Sixty Thousand Dollars $80,000.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant ERC, ALLIANCE, SKY and REDLINE, for actual or statutory damages, Double damages, Treble and punitive damages, attorney's fees and costs.

**COUNT IV**
**MASSACHUSETTS DEBT COLLECTION PRACTICES ACT**
**940 CMR 7.00**
**BY DEFENDANTS ERC, ALLIANCE, SKY AND REDLINE**

63.  Plaintiff alleges and incorporates the information in paragraphs 1 through 51

64.  Defendants ERC, ALLIANCE, SKY and REDLINE are in violation of the MDCPA S. 7.04 (e) **Causing expense to any debtor in the form of** long distance or collect telephone calls, text messaging, download fees, data usage fees, **or other similar charges**, except the creditor may place non-collect telephone calls to the debtor's place of residence, cellular telephone, or other telephone number provided by the debtor as his/her personal telephone number, subject to the limitations set forth in Section 7.04(1)(f);

65.  Defendants ERC, ALLIANCE, SKY and REDLINE has violated MDCPA 7.04 (f) Initiating a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his/her personal telephone number and two such communications in each 30-day period other than at a debtor's residence, cellular telephone, or other telephone number provided by the debtor as his/her personal telephone

number, for each debt, provided that for purposes of this section, a creditor may treat any
billing address of the debtor as his place of residence, and provided further, that a creditor
shall not be deemed to have initiated a communication with a debtor if the communication
by the creditor is in response to a request made by the debtor for said communication;

66.  Defendants ERC, ALLIANCE, SKY and REDLINE has violated MDCPA 7.04 (I) Failing
     to send the debtor the following notice as described in MDCPA (i).

67.  Defendants ERC, ALLIANCE, SKY and REDLINE has violated MDCPA 7.07 (8) any
     false, deceptive, or misleading representation, communication, or means in connection with
     the collection of any debt or to obtain information concerning a debtor.

68.  Defendant ERC did not validate the date accordingly to Massachusetts Debt Collection
     Act: Pursuant to this section, the creditor must provide those materials described in
     subsection (2) (a) through (d) which are in the possession, custody or control of the
     creditor. If the creditor does not possess, have custody of, or control the materials described
     in subsections (2) (a) through (d), the creditor shall cease collection of the debt until the
     creditor has made reasonable efforts to obtain the necessary information and provide this
     information to the debtor.

     **WHEREFORE,** Plaintiff demands judgment for damages against Defendant ERC,
     ALLIANCE, SKY and REDLINE, for actual or statutory damages, Double damages, Treble
     and punitive damages, attorney's fees and costs.

# DEMAND FOR JURY TRIAL

     Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 2nd of April, 2013.

Paul Jones

572 Park Street

Stoughton, Ma 02072

Pj22765@gmail.com

# **VERIFICATION OF COMPLAINT AND CERTIFICATION**

## **STATE OF MASSACHUSETTS**

## **Plaintiff, Paul Jones, states as follows:**

I am the Plaintiff in this civil proceeding.

I believe that this civil Complaint is well grounded in fact and warranted by existing

law or by a good faith argument for the extension, modification or law.

I believe that this civil complaint is not interposed for any improper purpose, such as to harass

any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in

the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in

good faith and solely for the purposes set forth in it. Each and every exhibit which has been

attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered,

changed, modified or fabricated these exhibits, except that some of the attached exhibits may

contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under

penalty of perjury that the foregoing is true and correct.

Paul M. Jones

DATE: April 2, 2013